RECEIVED MAY 0 7 2012 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.

SCANNED

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 5/8/12

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: 7 DATE FILED: 5/1/12

PRO SE OFFICE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

NEW SENSATIONS, INC.
21345 Lassen St.
Chatsworth, CA 91311

    Plaintiff,

v.

JOHN DOES 1-52

    Defendants.

Civil Action No. 12-cv-1168-AKH

ECF CASE

*[Handwritten note by judge: The John Doe "filing" is accepted. The relief it seeks is denied. The issue of severance is premature/raised. The scope of the subpoena is appropriate. 5-7-12 /s/ AKH]*

## MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA

The undersigned, pro se, files this Motion and moves the court to: (first) sever and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if it chooses to do so, pursuant to Federal Rule of Civil Procedure 21; and/or (second) quash the subpoena's directed at Verizon Internet Services and issue a protective order limiting the disclosures by Verizon Internet Services pending further review and argument pursuant to Federal Rules of Civil Procedure 26 and 45.

The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the ISP, but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue burden of travel. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685(D. Kan. 1995).

Plaintiff may argue that this motion should be dismissed because of its anonymous filing. The reason for filing this motion anonymously is because the undersigned fears retaliation by the Plaintiff. If

1

this motion was filed under true name or a specific IP address, the undersigned fears it would be singled out by the Plaintiff for selective prosecution; not because of the alleged copyright infringement, but to serve as an example to other defendants who do not settle with the Plaintiff regardless of guilt or innocence.

## INTRODUCTION

1) Plaintiff alleges that Defendants John Does 1-52 infringed on Plaintiff's copyright through an Internet Protocol (IP) addresses allegedly belonging to John Doe and the various other Doe defendants. Plaintiff's Subpoena ("the Subpoena") requests third-party internet service providers ("ISP's") to disclose identifying personal information of John Does 1-52.

2) Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take advantage of the threat of statutory damages and the stigma associated with downloading pornographic movies to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.

3) Plaintiff's motion to compel ISP's to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4) A review of the case law reveals that the various similar plaintiffs filing identical lawsuits against thousands of defendants across the country have received negative rulings, all within the past year. Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent. It should not.

2

5) Plaintiff's request for personal information is overly broad, unreasonable, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence and sought for the purposes of annoyance, embarrassment, harassment, oppression, and undue burden and expense in violation of the Federal Rules of Civil Procedure.

6) Accordingly, Plaintiff is not entitled to the relief sought for the following three reasons:

   a. **FIRST**, the joinder of John Doe Defendants 1-52 per action is improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

   b. **SECOND**, Plaintiff's effort to identify potential infringers through an IP address is overbroad, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence. The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate or other person in close proximity. It does not identify a potential infringer.

   Plaintiff's subpoena should be quashed for the additional reason that it is solely sought for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff does not intend to litigate this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

7) The undersigned requests that the Court sever the defendants. Furthermore, I request that the court issue a protective order and/or quash the Subpoena.

## ARGUMENT

### I. Plaintiff's Joinder of 52 Unrelated Defendants in this Action is Improper

3

In its Complaint, Plaintiff improperly joined as Defendants 52 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In almost every instance, the pertinent court determined that joinder was improper and severed and dismissed all but the first defendant.[1] It is clear that Plaintiff is now hoping to get a contrary ruling in this Court. However, there is no basis for this approach. A favorable ruling to the Plaintiff will almost certainly result in an avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1)

---

[1] See, *e.g., Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants sua sponte); *AF Holdings, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11cv345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court sua sponte severed defendants).

Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a. **Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder**

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the Defendants. As one court concluded last year in an identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. ... The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort stating that "Defendants have traded (uploaded and downloaded) the exact same file of the copyrighted works in related transactions through torrent software." (See Complaint ¶ 5). This representation is misleading. Even though Plaintiff claims that Defendants downloaded the same file, it has not alleged that Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS

5

86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant).

Additionally, in the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by Envisional[2] (a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day analysis of a typical P2P software use:

> For the 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of the torrents, there were no seeders connected. (Page 9)

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeder at any one instance.

Discussions of the technical details of the P2P protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiffs have made no allegation that any copy of the material they eventually downloaded came jointly from any of the Doe defendants, nor that it has been used, sold or even conserved. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiffs by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here. This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.[3]

---

[2] http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf
[3] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. *Hard Drive Productions v. Does 1-87*, No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14,

b. **Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve fifty-two defendants, each potentially proceeding with counsel or pro se, and two additional ISP's; who may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).[4]

II. **Plaintiff's Subpoena is Improper and Must be Quashed**

Plaintiff's Subpoena must be quashed because it is overly broad and unreasonable and was issued for the sole purpose annoying, harassing, embarrassing, and causing undue burden and expense.

a. **Plaintiff's Subpoena Seeks Information Relating to Innocent Individuals**

---

2011) ("it is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of nonparties to determine the identify of the Doe Defendants.")

[4] In the event that the Court severs and dismisses the Defendants, it should also require that Plaintiff only re-file in
this Court if venue is proper.

7

Plaintiff's Subpoena improperly seeks information relating to IP addresses of individuals that potentially have nothing to do with any infringement activities. Plaintiff improperly suggests that each Defendant is tied uniquely to a specific IP address. (See Complaint ¶¶ 5, 7). This is not the case.

An IP address can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena. Indeed, Plaintiff's inaccurate portrayal of the facts required to identify infringers was exposed in separate suit just seven months ago, *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.'

As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop,

8

smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game") (internal quotation marks and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics. *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

b. **Plaintiff's Subpoena is Designed to Improperly Embarrass Defendants into Settlement**

The Subpoena must be quashed for the additional reason that Plaintiff is utilizing Court procedures to extort settlements from potentially innocent individuals. These mass-copyright plaintiffs harass potentially innocent individuals with threats of statutory damages and legal fees and embarrass them by naming them as defendants in actions for copyright infringement of adult pornographic videos.

Courts addressing these pornographic movie infringement cases have expressed concern about such abusive settlement tactics. *Pac. Century Int'l, Ltd. v. Doe*, 2011, U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'"). The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not —would then have to decide whether to pay money to

retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'" *On the Cheap*, LLC, 2011 U.S. Dist. LEXIS 99831, at *11.

## CONCULSION

Undersigned Defendant, John Doe, requests that the Court sever and dismiss all Defendants and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so, in the appropriate venue. Undersigned Defendant, John Doe, further requests that the Court quash the Subpoena and grant any further relief that it deems appropriate.

Dated: 4/28/2012　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**John Doe**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Pro se*

10

## CERTIFICATE OF SERVICE

I hereby certify that on 4/__/2012, I served a copy of the foregoing document, via US Mail, on:

THE COPYRIGHT LAW GROUP, PLLC C/O BRS
400 East Royal Lane, Building Three, Suite 290
Irving, TX 75039

And

VERIZON LEGAL PROCESS COMPLIANCE
Custodian of Record
TXD01613
P.O. Box 1001
San Angelo, TX 76902

Dated: 4/28/2012

Respectfully submitted,

*[signature]*

**John Doe**
*Pro se*

Judge wrote:

"The "John Doe" filing is accepted. The relief it seeks is denied. The issue of severance is prematurely raised. The scope of the subpoena is appropriate.

5-7-12
Alvin K. Hellerstein"