UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

| | |
|---|---|
| NEW SENSATIONS, INC.<br>21345 Lassen St.<br>Chatsworth, CA 91311<br><br>  Plaintiff,<br><br>  v.<br><br>DOES 1 – 52<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 12-cv-1168-AKH<br>)<br>)<br>)<br>) |

**PLAINTIFF'S APPLICATION PURSUANT TO RULE 4(m)
FOR ENLARGEMENT OF TIME TO SERVE DEFENDANTS,
AS WELL AS STATUS REPORT**

  Plaintiff filed a Complaint against John Does who have traded the same identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network). All John Does listed in the Complaint have traded the exact same file, as identified by the *hash mark* of the file. All John Does are State residents.

  Plaintiff has received some of the identities of the John Does at issue, but moves this Court for an order enlarging the time for Plaintiff to serve defendants with summons because of the difficulties and time delays in obtaining the names and addresses of the defendants within 120 days of filing the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. So far, Plaintiff has received information from the Internet Service Providers (ISPs) for only 12 of the 52 John Does.

  Plaintiff is requesting a 60 day extension because (a) the process of obtaining the John Doe information from the ISPs has been slow; (b) more information is expected from the ISPs;

1

and (c) Plaintiff needs time to review the information once it is received from the ISPs whether the John Doe is properly part of this case. Plaintiff's counsel does review each case where a John Doe responds and presents a defense.

The current status of the case is:

(i) The Court granted Plaintiff's motion to discover the John Doe identities and pertaining data on February 27, 2012;

(ii) Plaintiff promptly served the subpoenas upon the Internet Service Providers (ISPs);

(iii) Plaintiff's counsel granted extensions to the ISPs because the ISPs could not comply in a timely manner. An attorney in this type of copyright claim against unknown John Does must negotiate an agreement with each ISP as to the number of electronic records to be researched and preserved each month, and the compensation to be paid to the ISPs for their research;

(iv) ISPs have limited resources for researching such records, and generally first respond to requests from law enforcement authorities. Furthermore, the ISPs are unable to immediately notify the John Does because they must first research the records. Once the records are identified and the ISP notifies the John Does, the John Does have an opportunity to file a Motion to Quash. Therefore, such discovery is a slow process;

(v) Plaintiff needs time to review the information once it is received from the ISPs to determine whether the John Doe is properly part of this case. Plaintiff's counsel also reviews each case where a John Doe responds and presents a defense.

(vi) Plaintiff does not know how many of the John Does have been notified by their respective Internet Service Providers (ISPs) at this point, because the ISPs do not provide such information;

(vii) Plaintiff has received identifying information for 13 John Does, eliminated 1 as a duplicate or erroneous, and notified 12 John Does of this lawsuit;

(viii) Up to 40 identities and pertaining data may still be received with the ISPs' next batches of subpoena responses;

(ix) As for Motions received: (a) John Doe 37 submitted a request to remain anonymous which made indirect references to joinder and fairness [Document 10]. Plaintiff responded to John Doe 37's letter; (b) an unidentified John Doe submitted a Motion to Dismiss [Document 7], which the Court denied as premature;

(x) Plaintiff is submitting the present Application to extend time to serve John Does and a Status Report. Plaintiff is requesting a 60 day extension of time [pending].

### AN EXTENSION OF TIME SHOULD BE GRANTED UNDER RULE 4(m)

With respect to Rule 4(m), it states in pertinent part,

> "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff has shown good cause. Plaintiff's counsel served the subpoenas within days of the approval of the initial discovery motion, and expeditiously negotiated agreements with the respective ISPs. Also, Plaintiff notes that the defendants are not prejudiced by Plaintiff being allowed time to discover his or her identity and then make service.

### CONCLUSION

In view of the foregoing, Plaintiff requests that the Court enlarge the time for Plaintiff to serve defendants by an additional 60 days.

In light of the controversies surrounding certain pending copyright cases, Counsel for Plaintiff would like to note:

(a) Plaintiff does not object to allowing defendants to litigate the matter anonymously for any pre-answer motions, such as Motions to Quash;

(b) Plaintiff's counsel never initiates contact with John Does by telephone;

(c) Plaintiff's counsel personally answers the phone calls and emails from John Does and their legal counsel;

(d) Plaintiff's counsel understands the John Does' needs for privacy, and thus does not require John Does wishing to resolve the matter to disclose their identity;

(e) All dismissals of John Does are not by name, but only by Doe Number and IP address;

(f) Plaintiff's counsel is not related to any law firms that may have represented Plaintiff elsewhere or in the past. *In fact, Plaintiff's counsel is not related to, or working through, any other law firm* in these matters;

(g) The underlying tracking data in this case was produced by a U.S.-based software company, Copyright Enforcement Group (CEG), as explained in detail in the Technology Declaration submitted with the Complaint; and

(h) The data only (i) includes trades of the identical file of the motion (as identified by the *hash mark*) and is limited in (ii) geographic range and (iii) time period of file trading, as much as technologically possible.

Respectfully submitted this 2nd day of June, 2012.

FOR THE PLAINTIFF:

By: ___/s/ Mike Meier_____
Mike Meier (NY9295)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 3 June 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

           By:   /s/ Mike Meier
                  Mike Meier (NY9295)
                  The Copyright Law Group, PLLC
                  4000 Legato Road, Suite 1100
                  Fairfax, VA 22033
                  Phone: (888) 407-6770
                  Fax: (703) 546-4990
                  Email:
                  mike.meier.esq@copyrightdefenselawyer.com

                  ATTORNEY FOR PLAINTIFF