```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 14 2012

```
------------------------------ X
IN RE ADULT FILM COPYRIGHT      :
INFRINGEMENT LITIGATION         :    Master Case No. 11 Civ. 7564
                                :
This Document Relates to:       :            ORDER
                                :
     12 Civ. 1099 (KBF)         :
     12 Civ. 1168 (KBF)         :
     12 Civ. 3794 (KBF)         :
------------------------------ X
```

KATHERINE B. FORREST, District Judge:

Finding that the above-listed actions involve common questions of law and fact with In re Adult Film Copyright Infringement Litigation, Master Case No. 11 Civ. 7564,

IT IS HEREBY ORDERED that the Clerk of Court shall consolidate cases 12 Civ. 1099, 12 Civ. 1168 and 12 Civ. 3794 with Master Case 11 Civ. 7564.  These individual actions (12 Civ. 1099, 12 Civ. 1168 and 12 Civ. 3794) are now "member cases" of the consolidated action titled In re Adult Film Copyright Infringement Litigation.

IT IS FURTHER ORDERED that discovery regarding the identities of the Doe defendants shall proceed in the following manner in these member cases:

1. Plaintiff shall immediately serve a copy of this Order on the Internet Service Providers ("ISPs") identified in Exhibit A of their Complaints in these two member cases; the ISPs shall thereafter serve a copy of this Order,

   using any reasonable means, on each Doe defendant in the
   form of a "notice letter."

2. The notice letters shall be sent by the ISP promptly
   following the date printed on the notice letter.

3. Doe defendants shall have 30 days from the date of service
   of the notice letter to file any motion with this Court
   contesting the subpoena (including a motion to quash or
   modify the subpoena), as well as any request to proceed
   anonymously.  The ISPs shall not turn over the Doe
   defendants' identifying information to plaintiffs, if they
   have not done so already, before the expiration of this
   30-day period.

4. **A Doe defendant who wishes to proceed anonymously shall
   send a letter to the Court (without disclosing his or her
   identity) requesting permission to proceed anonymously;
   the letter must identify the subscriber by IP address and
   Doe number.**[1]  Doe defendants may also file a motion to
   quash or modify the subpoena at the same time, identifying
   themselves by IP address and Doe number only.

5. If the ISP is notified by a Doe defendant that the
   defendant has submitted a request to proceed anonymously
   or filed a motion to quash or modify the subpoena, the ISP

---

[1] Counsel for plaintiffs is directed to provide the list of IP addresses with associated Doe numbers (Ex. A to the complaints) to the ISPs so that this list may be included in the notice letters and identify for Doe defendants which Doe number is associated with their IP address.

   shall not disclose the Doe defendant's personal information, if they have not done so already, until the Court rules on the motion(s).

6. On any public filing, plaintiffs shall identify Doe defendants that have requested to proceed anonymously by Doe number and IP address only until further order of this Court.

7. Due to the delays that may occur between a Doe defendant requesting to proceed anonymously, this Court approving that request and noting such approval on the docket, and plaintiffs filing an amended complaint naming the Doe defendant, plaintiffs are directed to ask the Doe defendants--which the Court has not already stated in an order are allowed to proceed anonymously--whether they requested to proceed anonymously within 30 days of receiving a notice letter from their Internet Service Provider.  If a Doe defendant tells plaintiffs that he or she has submitted a timely request to proceed anonymously, then plaintiffs are directed to identify that Doe defendant by Doe number and IP address only on any amended complaint or other public filings.

8. Plaintiffs shall serve defendants in the above three member cases not later than July 27, 2012.

9. Any information ultimately disclosed to plaintiffs in response to a subpoena may be used by plaintiffs solely for the purpose of protecting their rights as set forth in their complaints.

The Clerk of the Court is directed to terminate the motions at Docket No. 14 (Member Case No. 12 Civ. 1168) and Docket No. 4 (Member Case No. 12 Civ. 3794).

SO ORDERED.

Dated:   New York, New York
         June 13, 2012

_____
KATHERINE B. FORREST
United States District Judge